IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SEP 21 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:09-CV-425-A |
| | § | (NO. 4:07-CR-011-A) |
| | § | |
| GEORGE WHITEHEAD, JR. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, George Whitehead, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[1] Having reviewed the motion, the government's response, movant's reply, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

By superseding indictment dated July 10, 2007, movant was charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[2] On July 19, 2007, the government filed a Penalty Enhancement Information and Notice to Seek Enhanced Penalties pursuant to 21 U.S.C. § 851, alleging that movant had been convicted of three

---

[1] Movant refers to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2255, the court uses the terms "movant" instead of "petitioner."

[2] Movant was originally charged with these two counts, as well as one count of possession of a firearm in furtherance of a drug trafficking crime. A jury on July 9, 2007, found movant not guilty as to possession of a firearm in furtherance of drug trafficking, but was unable to reach a verdict as to the other counts.

felony drug offenses prior to committing the drug offense charged in the indictment. On July 23, 2007, movant proceeded to trial, where a jury found him guilty as to both counts. On November 9, 2007, the court sentenced movant to life imprisonment for violation of 21 U.S.C. § 841(a)(1), and imposed a concurrent sentence of 120 months' imprisonment for violation of 18 U.S.C. § 922(g)(1). The Fifth Circuit affirmed movant's conviction and sentence on November 17, 2008. United States v. Whitehead, 299 F. App'x 420 (5th Cir. 2008). Movant timely filed the instant motion seeking relief under 28 U.S.C. § 2255.

II.

Grounds of the Motion

Movant raises two grounds in his motion: (1) insufficient evidence to obtain a search warrant, resulting in illegal search and seizure; and (2) ineffective assistance of counsel.

III.

Applicable Standard

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of

constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

Analysis

1. Insufficient Evidence to Obtain a Search Warrant

Movant claims that there was insufficient evidence to support the search warrant authorizing the search of his residence that yielded evidence ultimately leading to his conviction. The government contends that because movant failed to raise this claim on direct appeal, he is barred from raising it on collateral review.

A defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default and 'actual prejudice' resulting from the error." Shaid, 937 F.2d at 232 (internal citations omitted). The cause-and-prejudice standard requires a movant to show both that an objective factor external to the defense prevented him from raising the issue on appeal and that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170; Coleman v. Thompson, 501 U.S. 722, 753 (1991). A failure to show either prong forecloses collateral relief. Frady, 465 U.S. at 168. Only after a movant has satisfied both the cause and prejudice prongs can a reviewing court proceed to a determination

3

of the merits of movant's claims. United States v. Bondurant, 689 F.2d 1246, 1250 (5th Cir. 1982).

Movant offers nothing to show either cause or prejudice. He identifies no objective factors external to the defense to explain his failure to raise this claim on appeal. Further, the record reflects that the trial court considered and rejected movant's claim that the warrant was defective when it denied his motion to suppress the warrant and all related evidence.[3] Movant's claim as to invalidity of the warrant fails.

2.  Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d

---

[3] The court expressly found that "[t]he magistrate judge did have probable cause to issue the warrant." Order signed April 11, 2007, at 2.

4

750, 751 (2000).

Here, movant claims his counsel was ineffective because he failed to: move for suppression of the evidence because there was no probable cause for the search warrant to issue; introduce evidence of movant's low intelligence; timely advise movant that the government was seeking enhanced penalties under 21 U.S.C. § 841(b)(1)(A); and challenge the § 841 enhancement on the basis that those prior charges did not constitute a "serious drug offense" because of the quantity of dugs involved.

### Failure to move for suppression

Contrary to movant's claim, counsel filed a motion to suppress evidence obtained as a result of the search warrant, which the court denied by written order on April 11, 2007. The court's denial of defendant's motion does not demonstrate ineffective assistance of counsel. Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

### Failure to introduce evidence of low intelligence

Movant maintains that his counsel failed to introduce evidence of his low intelligence, specifically that he never completed his formal education or received a high school diploma, and that he did not understand what was happening during the proceedings. Movant fails to allege on what basis his counsel should have introduced such evidence, nor does he allege or attempt to show a reasonable probability that such evidence would have led to a different outcome. Movant's conclusory allegations are insufficient to establish ineffective assistance of counsel.

5

Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

> Failure to advise that the government was seeking
> enhanced penalties under 21 U.S.C. § 841(b)(1)(A),
> <u>and failure to challenge the § 841 enhancement</u>

Movant contends that his counsel failed to advise him that the government was seeking enhanced penalties under § 841(b)(1)(A) until "late in the proceedings." This conclusory allegation fails to allege or show prejudice, nor can movant show that the outcome would probably have been different had counsel notified him of the notice at an earlier time, as he would have been subject to the penalty enhancements regardless of when his counsel informed him about the government's notice.

Movant's contention that his counsel failed to challenge the enhancement is likewise without merit. Counsel filed a response to the government's notice of intent to seek enhanced penalties, in which he objected to the enhancements on the grounds that the prior convictions did not constitute "felony drug offenses" for purposes of enhancement under § 841. Further, during the sentencing hearing, movant's counsel acknowledged that the court had already found that the enhancements were correct so that the "issue appears to have been settled." Sentencing Tr. at 19. Counsel's failure to raise again an issue on which he had already lodged objections, which the court had rejected, was not ineffective assistance of counsel. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

Movant has adduced nothing that would overcome the strong presumption that his attorney's conduct fell within the wide

6

range of reasonable professional assistance.  See Strickland, 466 U.S. at 687-689.

Therefore,

The court ORDERS that the motion of George Whitehead, Jr., to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED September 21, 2009.

_____
JOHN McBRYDE
United States District Judge